IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BEACH HOUSE DEVELOPMENT CO., )
)
Plaintiff, )
) No. 04-806C
v. )
) (Judge Lettow)
THE UNITED STATES, )
)
Defendant. )

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraph 4 of Appendix A to the Rules of the Court of Federal Claims, plaintiff, Beach House Development Company, and defendant, the United States, respectfully submit the following joint preliminary status report:

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that it brings this action, which is founded upon a Housing Assistance Payments Contract (HAP Contract) between plaintiff and the United States, acting through the Department of Housing and Urban Development (HUD), under the Tucker Act, 28 U.S.C. § 1491(a)(1).

Defendant states that the Tucker Act, 28 U.S.C. § 1491(a)(1), would appear to authorize the Court to entertain the claims that are the subject of this action, which defendant understands to be breach-of-contract claims based upon the HAP Contract for the years 1998 through 2002.

b. **Should the case be consolidated with any other case?**

Plaintiff states that the Court should consolidate this case with Statesman II Apartments, Inc. v. United States, No. 04-805C (Fed. Cl.), which is also pending before the this Court. The two cases involve the same issues and counsel, and were brought by related plaintiffs.

Defendant states that it does not object to consolidation of the above captioned action and Statesman II Apartments, Inc. v. United States, No. 04-805C (Fed. Cl.), pursuant to RCFC 42(a). Defendant notes, however, that, while some of the issues presented by these cases appear to be identical, other issues in these cases are not the same.

c. **Should the trial of liability and damages be bifurcated?**

Plaintiff states that it brings to the Court's attention the case of Cuyahoga Metropolitan Housing Authority v. United States, 57 Fed. Cl. 751 (2003) ("Cuyahoga"). The case is currently pending before the Honorable Judge Allegra on the issue of damages. Plaintiff states that the Cuyahoga case is illustrative of bifurcation issues. Plaintiff believes that proceedings upon liability and damages issues in this case, including discovery, should be bifurcated.

Defendant agrees that proceedings upon liability and damages issues in this case, including discovery, should be bifurcated.

d. **Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

e. **Will a remand or suspension be sought?**

No.

f. **Will additional parties be joined?**

No.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Plaintiff and defendant will file motions upon liability issues pursuant to RCFC 56 in accordance with the briefing schedule proposed below.

h. **<u>What are the relevant factual and legal issues?</u>**

<u>Plaintiff</u> states that the relevant issues are as follows:

1. Whether defendant breached its contract with plaintiff by not automatically adjusting rents on an annual basis as required by the contract?

2. If defendant is liable to plaintiff, what is the amount of plaintiff's compensable damages, including damages for the 1% deduction from factored adjustments for non-turnover units, damages for failing to include a material difference factor in calculating the overall limitation on the adjustment and for requiring plaintiff to furnish rent surveys?

3. Whether defendant is precluded from retrying in this case any issue resolved by the <u>Cuyahoga</u> case.

<u>Defendant</u> states that the relevant factual and legal issues appear to be as follows:

1. Whether HUD's publication of annual rent adjustment factors for non-turnover dwellings covered by the HAP Contract that were lower than the published adjustment factors for turnover dwelling units constituted a breach of the HAP Contract.

2. Whether the 1994 Amendments to 42 U.S.C. § 1437f and/or HUD Notice 95-12 breached or resulted in a breach of the HAP Contract.

3. Whether, in applying the HAP Contract's "Overall Limitation" upon rent adjustments, a "material difference" between rents of assisted and comparable unassisted units is 120 percent of the sum of (a) the rent of a comparable unassisted unit and (b) the "initial difference" to be preserved in rent adjustments under the HAP Contract.

4. Whether the amount of the "initial difference" to be preserved in rent adjustments under the HAP Contract was $48 in the case of two-bedroom dwelling units and $54 in the case of three-bedroom units, as defendant contends, or an amount equal to 20 percent of the initial monthly contract rent under the HAP Contract, as plaintiff contends.

5. Assuming for the sake of discussion that defendant is liable to plaintiff for breach of contract, what are the damages to which plaintiff is entitled?

6. Whether, assuming for the sake of discussion that defendant is liable to plaintiff for breach of the HAP Contract, plaintiff is entitled to recover interest upon any damages that may be awarded by the Court.

i. **What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Plaintiff states that it believes that discussing this case with a settlement judge is a viable method of alternative dispute resolution.

Defendant states that the parties have not agreed to alternative dispute resolution. At this time, there does not appear to be a likelihood of a settlement in this case.

j. **Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Plaintiff does not request expedited trial scheduling. Plaintiff states that liability issues in this case can be resolved by dispositive motions and that, in the event that its anticipated motion for summary judgment is granted, a trial may be necessary to resolve damages issues. Plaintiff further states that, if a trial of damages issues is necessary, the trial should be held in Cleveland, Ohio, the location of plaintiff's low-income housing project.

Defendant does not request expedited trial scheduling. Defendant states that a trial of this action may be necessary in the event the Court denies defendant's anticipated motion pursuant to RCFC 56, in which event it appears that Cleveland, Ohio, would be the most convenient place of trial.

k. **Are there special issues regarding electronic case management needs?**

No.

l. **Is there any other information of which the Court should be aware at this time?**

Plaintiff states that it intends to amend its complaint, pursuant to RCFC 15(a), to allege that, under the HAP Contract, the initial monthly contract rents were $474 per month for two-

bedroom apartments and $537 per month for three-bedroom apartments and that included within each of the initial contract rents was an initial difference between the initial contract rent and fair market rent for comparable unassisted units of 20%.

Defendant states that it does not object to the filing of the proposed amended complaint.

**Proposed Scheduling Plan**

Plaintiff and defendant propose the following pretrial schedule:

1. The initial disclosures required by RCFC 26(a)(1) shall be made on or before September 20, 2004.

2. On or before November 5, 2004, defendant shall file its motion with respect to liability issues pursuant to RCFC 56.

3. On or before January 7, 2005, plaintiff shall file its response to defendant's motion with respect to liability issues pursuant to RCFC 56 and its cross-motion with respect to liability issues pursuant to RCFC 56.

4. On or before February 4, 2005, defendant shall file its reply to plaintiff's response to defendant's motion with respect to liability issues and its response to plaintiff's cross-motion with respect to liability issues.

5. On or before March 4, 2005, plaintiff shall file its reply to defendant's response to plaintiff's cross-motion with respect to liability issues.

6. Proceedings upon damages issues in this case, including the disclosures of expert testimony required by RCFC 26(a)(2), shall be deferred pending the resolution of the parties' motions regarding liability issues pursuant to RCFC 56.

7. Within 15 days of the Court's resolution of the parties' motions with respect to liability issues pursuant to RCFC 56, the parties shall file a joint status report setting forth a proposed schedule regarding further proceedings in this case, including a schedule for discovery proceedings and trial upon damages issues and any other issues not disposed of by the Court's decision upon the parties' motions pursuant to RCFC 56.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Fred J. Livingstone
FRED J. LIVINGSTONE, ESQ.
Taft, Stettinius & Hollister LLP
3500 BP Tower
200 Public Square
Cleveland, OH 44114-2302
Tele: (216) 241-2838
(fax)(216) 241-3707

Attorney for Plaintiff

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax)(202) 514-8624

Attorneys for Defendant

AUGUST 27, 2004